Prob 12 (10/09)
VAE (rev. 5/17)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Elizabeth Rains        Docket No. 1:18mj536

### Petition on Probation

COMES NOW Elissa F. Martins, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Elizabeth Rains, who was placed on supervision by the Honorable Michael S. Nachmanoff, United States Magistrate Judge sitting in the Court at Alexandria, Virginia, on the 8th day of November, 2018, who fixed the period of supervision at one (1) year, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

-See Page 2-

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**Returnable Date:** Sept. 10, 2019 at 10 AM

**ORDER OF COURT**

Considered and ordered this ___ day of August 20___ and ordered filed and made a part of the records in the above case.

/s/
Michael S. Nachmanoff
United States Magistrate Judge
Michael S. Nachmanoff
United States Magistrate Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: **Karen M. Riffle** Digitally signed by Karen M. Riffle Date: 2019.08.27 15:26:34 -04'00'

*for* Elissa F. Martins
U.S. Probation Officer
(703) 299-2309

Place Alexandria, Virginia

**TO CLERK'S OFFICE**

**Petition on Probation**
**Page 2**
**RE: Rains, Elizabeth**

OFFENSE:   Driving While Intoxicated with BAC of .08% or more

SENTENCE: The defendant was placed on one (1) year supervised probation with the following special conditions: 1) The defendant shall enter and successfully complete an alcohol education program as directed; 2) The defendant shall undergo substance abuse testing and/or treatment as directed; 3) The defendant shall undergo alcohol monitoring at the direction and discretion of the probation office; 4) The defendant shall participate in mental health treatment and/or counseling as directed; 5) The defendant shall not operate a motor vehicle anywhere in the United States for a period of one (1) year except: a) to, from and as directly required by probation, b) to and from the probation office, c) to and from the alcohol program, and d) to and from this court; 6) The defendant may not operate any motor vehicle unless it is equipped with an alcohol-detecting ignition interlock system approved by the probation officer; 7) The defendant shall serve ten (10) days in home confinement to include electronic monitoring or any alternative means of surveillance at the direction and discretion of the probation office with timeouts solely for work, probation and treatment/counseling as directed; and 8) The defendant shall pay the $250 fine and $10 special assessment within 30 days.

On March 15, 2019, Your Honor approved the request to modify the defendant's special conditions to include: The defendant shall abstain from the use of alcohol.

On May 3, 2019, Your Honor approved the request to modify the defendant's special conditions to include: The defendant shall submit to and pay for remote alcohol testing as directed by the probation officer.

ADJUSTMENT TO SUPERVISION: Ms. Rains' adjustment on supervision has fluctuated. She completed the Court ordered home confinement on December 16, 2019. Ms. Rains paid the Court ordered fines and fees on January 3, 2019. At the commencement of supervision, Ms. Rains was living in an Oxford House. She has since moved and is living with her partner in Arlington, Virginia. Ms. Rains works with a temporary agency and had begun new employment in May 2019, in the Accounts Payable department with the American Chemical Society in Washington, DC. It is noted this employment ended on August 16, 2019. Ms. Rains initially told this officer that she was terminated and after being questioned as to the nature of the termination, she subsequently said she voluntary left the position. This officer is unsure what actually happened, but is investigating the matter. She is currently unemployed.

Ms. Rains initially obtained permission from the Arlington County General District Court to get a restricted operator's license on December 10, 2018. The ignition interlock device was installed on the defendant's vehicle on December 28, 2018. Due to the time lapse, the defendant had to get a second order from the local Court and Ms. Rains ultimately obtained her restricted operator's license on March 7, 2019.

At the beginning of supervision, Ms. Rains was participating in substance abuse treatment with the Phoenix House intensive outpatient and regular outpatient program until April 7, 2019. She was also attending mental health treatment services through a private provider. The defendant is now participating in both mental health and substance abuse treatment through the Arlington County Department of Behavioral Health and is enrolled in both group and individual therapy. In June 2019, the undersigned had contact with Karen Rambo, the defendants' therapist with Arlington County, who related Ms. Rains had been in compliance with treatment services. The undersigned has requested an update on compliance with treatment services and is awaiting a response.

It is noted that the undersigned previously submitted two violation reports, requesting no action. These were related to use of alcohol use, and non-compliance with remote alcohol testing. The above-noted additional special conditions were added in response to these violations.

**Petition on Probation**
**Page 3**
**RE: Rains, Elizabeth**

On May 30, 2019, the undersigned submitted a Petition on Probation advising of additional non-compliance related to Ms. Rains using alcohol and submitting positive alcohol tests on the breathalyzer. The defendant appeared before Your Honor on June 26, 2019, admitted to the violations, was found in violation, and continued on the same terms and conditions previously imposed.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**CONDITION 3:** **FAILURE TO ANSWER TRUTHFULLY ALL INQUIRIES BY THE PROBATION OFFICER.**

On August 22, 2019, the undersigned spoke with Ms. Rains via telephone in response to a missed alcohol test. She stated she was sleeping and missed the test. The undersigned asked Ms. Rains why she wasn't at work. Ms. Rains then told this officer that she was terminated from her employment on August 16, 2019. When the undersigned asked for specific information and documentation, Ms. Rains then said she voluntarily left her employment. Ms. Rains went back and forth between the two scenarios and this officer is unsure which is truthful. When asked if this officer could speak with her employer, Ms. Rains was reluctant to provide contact information.

**CONDITION 6:** **FAILURE TO NOTIFY THE PROBATION OFFICER WITHIN 72 HOURS OF CHANGE IN EMPLOYMENT.**

Ms. Rains failed to notify the Probation Officer within 72 hours of her change in employment. As outlined above, Ms. Rains was terminated/quit her employment on August 16, 2019, and failed to inform this officer until August 22, 2019.

**SPECIAL CONDITION:** **FAILURE TO COMPLY WITH REMOTE ALCOHOL TESTING AS DIRECTED.**

Ms. Rains missed tests and/or submitted late tests on the following dates:

July 6, 2019: Missed test at 1:00 p.m. and submitted a late test at 1:37 p.m.
July 17, 2019: Missed test at 1:00 p.m. and submitted a late test at 1:46 p.m.
July 30, 2019: Missed test at 7:00 a.m. and submitted a late test at 7:57 a.m.
August 9, 2019: Missed test at 11:00 p.m. and submitted a late test at 12:52 a.m.
August 22, 2019: Missed test at 1:00 p.m. and submitted a late test at 2:23 p.m.
August 25, 2019: Missed test at 1:00 p.m. and submitted a late test at 3:04 p.m.

EFM/cdp